UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.                                                Case No. 8:23-cv-2095-TPB-SPF

LOWES HOME CENTERS, LLC,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court on Plaintiff Brittany Williams's *pro se* complaint, filed on September 15, 2023. (Doc. 1). After review of the complaint, court file, and record, the Court finds as follows:

In her complaint, Plaintiff – who appears to be presently incarcerated based on unrelated matters – asserts a purported federal constitutional claim for deprivation of constitutional rights under 42 U.S.C. § 1983 (namely, the Eighth Amendment's prohibition against cruel and unusual punishment) and a state law breach of contract claim against Defendant Lowes Home Centers, LLC, a private entity. According to Plaintiff, she was under a six-month employment contract but was denied employment following a work injury within the contractual period. She appears to assert that Lowes's failure to allow her to return to work constitutes "cruel and unusual punishment" and a breach of contract. Plaintiff claims injuries in the form of "emotional stress" and requests $2 million dollars for "[loss] of income and stability that was lost with the non permanent position."

On November 1, 2021, Judge Jung dismissed a substantially similar or identical complaint. In his order, Judge Jung explained

> The Plaintiff is a serial pro se filer in the Tampa Division with multiple various law suits filed. The instant amended complaint is a reprise of 8:21-cv-99 which alleged similar employment issues with this defendant. Although the causes of action are slightly different, a Plaintiff may not split her causes of action and bring two suits - both cases arising from the same facts. Both this case and the earlier case assert claims arising from an apparent, alleged non-renewal of temporary employment at Lowes. That earlier case was dismissed by Judge Mizelle. The Plaintiff then sued Judge Mizelle separately. Plaintiff also sued Lowe's in the instant case number for the act of moving to dismiss the case before Judge Mizelle. The present breach of contract allegation may not be asserted as it is in violation of the rule against splitting one's cause of action. Further, the most recent filing (Doc. 19) fails to state a claim under Fed. R. Civ. P. 8(a)(2) and lacks any attempt to set forth jurisdiction or realistic amount in controversy. The "amended complaint" shows by its text that it is subject to dismissal. It states "a breech [sic] of contract is a cruel and unusual form of punishment" and violates Florida law. But the attachments to the complaint show Plaintiff was hired as a temporary seasonal worker for six months, and was an at-will employee with no rights of tenure and subject to discharge at will.

*Williams v. Lowe's Home Centers, LLC*, No. 8:21-cv-1726-WFJ-AEP, Doc. 20 (M.D. Fla. Nov. 1, 2021). Here, the Court incorporates the analysis and reasoning utilized by Judge Jung and finds that the complaint in this case is likewise due to be dismissed for the same reasons.

In addition, the Court notes that Plaintiff has become a serial *pro se* filer in this division, and it appears that she has filed numerous and various cases that have each

resulted in dismissal.¹ *See, e.g., id.* (suing former employer for alleged constitutional violations and breach of employment contract); *Williams v. Lowe's Home Centers*, LLC, No. 8:22-cv-1455-KKM-JSS (M.D. Fla.) (suing former employer for breach of employment contract); *Williams v. Lowe's Home Centers*, LLC, No. 8:21-cv-99-KKM-JSS (M.D. Fla.) (suing former employer for discrimination); *Williams v. Mizelle*, No. 8:21-cv-1282-WFJ-JSS (M.D. Fla.) (suing federal district court judge for judicial acts); *Williams v. Professional Marketing Management, Inc.*, No. 8:23-cv-1223-WFJ-AEP (M.D. Fla.) (suing property management company for "cruel and unusual punishment," discrimination, and violation of the Fair Housing Act claim after she was evicted for falling behind on rent payments); *Williams v. Home Advantage Humana*, No. 8:23-cv-342 (M.D. Fla.) (suing former employer for "cruel and unusual punishment" after she was terminated); *Williams v. Home Advantage Humana*, No. 8:23-cv-980-CEH-AAS (M.D. Fla.) (suing former employer for "cruel and unusual punishment," discrimination, and breach of contract after she was wrongfully terminated after missing work due to a miscarriage); *Williams v. Datz Restaurant*, No. 8:23-cv-1264-WFJ-TGW (M.D. Fla.) (suing former employer for violation of civil rights and discrimination after being terminated); *Williams v. Speedway*, No. 8:21-cv-1777-SDM-CPT (M.D. Fla.) (suing gas station for religious discrimination when store clerk

---

¹ The Court notes that most of Plaintiff's cases have been dismissed due to procedural issues, such as the failure to pay the court filing fee or file an amended complaint as directed. Some cases, however, have been addressed more substantively. *See, e.g.*, *Williams v. Lowe's Home Centers, LLC*, No. 8:21-cv-1726-WFJ-AEP, Doc. 20 (M.D. Fla.); *Williams v. Pinellas Cty. Justice Ctr.*, No 8:23-cv-259-TPB-TGW (M.D. Fla.); *Williams v. Home Advantage Humana*, No. 8:23-cv-342-CEH-JSS (M.D. Fla.); *Williams v. Home Advantage Humana*, No. 8:23-cv-980-CEH-AAS (M.D. Fla.); *Williams v. Professional Marketing Management, Inc.*, No. 8:23-cv-1223-WFJ-AEP (M.D. Fla.); *Williams v. Datz Restaurant*, No. 8:23-cv-1264-WFJ-TGW (M.D. Fla.).

refused attempted purchase of pack of cigarillos); *Williams v. LaBruzzo*, No. 8:21-cv-1683-SDM-JSS (M.D. Fla.) (suing judge for discrimination and violation of constitutional rights related to family law proceedings); *Williams v. Hessinger*, No. 8:21-cv-1682-SDM-CPT (M.D. Fla.) (suing judge for discrimination and violation of constitutional rights related to criminal proceedings); *Williams v. Pinellas Park Elementary School*, No. 8:21-cv-1559-CEH-SPF (M.D. Fla.) (suing elementary school for violation of Title IX and for committing crimes and state law torts against Plaintiff); *Williams v. Community Action Stops Abuse*, No. 8:21-cv-1443-CEH-JSS (M.D. Fla.) (suing domestic violence center for violating the Fair Housing Act after stay was limited to 45 days and for not receiving proper assistance while at shelter); *Williams v. S and S Services*, 8:21-cv-1425-WFJ-CPT (M.D. Fla.) (suing private company for discrimination and violating the Fair Housing Act after the house she was seeking to rent was no longer available); *Williams v. Tampa Bay Extended Stay Hotel*, No. 8:21-cv-1424-KKM-SPF (M.D. Fla.) (suing private company for racial discrimination and violating the Fair Housing Act, as well as asserting state claims, for not allowing Plaintiff to stay at hotel while payment was due and owing); *Williams v. Largo*, No. 8:21-cv-1423-KKM-CPT (M.D. Fla.) (suing private company for discrimination after company failed to lease Plaintiff a unit); *Williams v. InTown Suites Extended Stay Clearwater, FL*, No. 8:21-cv-1224-TPB-SPF (M.D. Fla.) (suing private company for discrimination and violation of constitutional rights after Plaintiff was asked to leave hotel for having unauthorized guests and because she was too loud); *Williams v. Professional Marketing Management, Inc.*, No. 8:21-cv-1957-WFJ-

SPF (M.D. Fla.) (suing private company for discrimination, violation of the Fair Housing Act, and premises liability after Plaintiff was evicted for failing to pay rent).

**Judges have a duty to stop parties with a demonstrated track record of filing frivolous and duplicative *pro se* cases from weaponizing the courts simply to harass others. Plaintiff is warned that if she continues to file frivolous and/or duplicative cases in this Court, she will be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions. Or, more directly to the point -- injunctive relief simply directing the Clerk not to accept future filings without first obtaining prior leave of the Court.**

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) This case is **DISMISSED WITH PREJUDICE**.

2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 28th day of September, 2023.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**